Watson, J.
 

 I entirely concur with the supreme court in the opinion pronounced by them in this case. The contract between the parties in this suit, was not made by the broker, but by themselves. It was simply this; the defendants agreed to sell the plaintiffs 8900 boxes of raisins at $1.70 per box, to be paid for in cash on delivery, deducting 3| per cent, for cash payment, the-plaintiffs to have the benefit of, and to be paid by the defendants, the amount of such return-duties as the government should allow the defendants. The raisins were in a damaged state, and the plaintiffs agreed to take them as they were.
 

 The declaration alleged the delivery of the raisins, and the defendants made no objection, on the trial, that they had not been delivered. The proof showed that the price agreed on had been paid by the plaintiffs, and that the defendants had since received $862.51 from the government, for return-duties, which they refused to pay to the plaintiffs. For this amount they recovered a verdict at the trial, upon which judgment was entered, and which the supreme court subsequently affirmed.
 

 One of the principal points relied upon by the appellants is, that the contract is within the statute of frauds; that the claim to have the duties returned which had been paid on damaged goods, was a substantial right, and a thing in action, within the meaning of the statute, or else it was a mere expected bounty or gratuity, which
 
 *544
 
 [*545 could not be the subject of a valid contract. By reference to the terms of the contract, it will be seen, that it virtually formed a part of the price to be paid for the raisins. It seems, that the contracting parties contemplated, as a very probable contingency, that, owing to the damaged state of the raisins, return-duties would be received from the government, and that the contract was made in view of it; for the plaintiffs, while Negotiating with the defendants, and agreeing on a price, inquired of the defendants, if any return-duties had been received, and being answered in the negative, asked, if any should be received, if they should have the benefit of them; and the defendants said, they should. Here, then, was an agreement, that a reduction of the return-duties should be made out of the price stipulated to be paid, for how else could the plaintiffs reap the benefit of the return-duties? Had the government paid over the return-duties, at the time the contract-price was paid by the plaintiffs, can it be pretended that the plaintiffs could not have insisted upon having that amount deducted, at the time ? What difference then could it make, if they were afterwards received, even if the contract-price had been all paid ? They would be moneys received by the defendants to plaintiffs’ use, which the defendants were legally and equitably bound by the contract to pay over to the plaintiffs. When they were received, so far as the case, discloses, the plaintiffs had performed all their part of the contract — they had paid the full amount stipulated to be paid for the raisins-: the defendants had performed theirs, in part, the delivery of the raisins, but had failed to perform the other part of the contract, to wit, the payment to the plaintiffs of the return-duties received by them of the government.
 

 The statute of frauds (as was observed by the supreme court) does not apply, where the goods have all been delivered. That made the contract binding, and the
 
 *545
 
 defendants were then bound to perform the whole contract, that of paying over to the plaintiffs the return-duties. , It is hardly worth while .to discuss here, what the nature of “return-duties” are, it is enough, that they formed a substantial part of the contract between the parties, and that part was as much obligatory upon them as any other part. The case cited by the appellants’ counsel, on the argument, that of
 
 Munsell
 
 v.
 
 Lewis
 
 (2 Denio 224), in which one of the members of this court delivered the leading opinion in the court of errors, is directly against him upon this point. In that .case, Lewis and another had taken a canal contract, and after part performing it, assigned their interest in it to Munsell, by which Munsell was to receive the pay from * 546 1 * commissioners *for completing the work, according to the contract made by Lewis with the commissioners. Subsequently, and after Mun-sell had received his pay for completing his contract, a statute was passed allowing extra-compensation to the contractors on that canal, and under this statute, Lewis received $300 from the canal commissioners. For this amount, Munsell brought a suit against Lewis, claiming that he was entitled to it, under the assignment made to him of the contract. The same doctrine contended for in this case, was urged in that, and the supreme court sanctioned it, by refusing to set aside the nonsuit which had been granted at the circuit, but the court of errors reversed the decision of the supreme court. That was a much stronger case than this; there, it was made a strong point, that by the terms of the assignment, Mun-sell was only to receive the amount stipulated to be paid by the original contract with the canal commissioners, all of which had been paid him. Here, it was expressly agreed that the plaintiffs should have the benefit of the return-duties for which he has recovered.
 

 The other objections I forbear to notice, as they have no foundation in-fact on which to rest, and were so held
 
 *546
 
 by the supreme court. The judgment of the supreme court should be affirmed.
 

 Judgment affirmed.